## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DEVON STIFF, | ) | |
| ID # 1892905, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-1615-M-BH |
| | ) | |
| TEXAS BOARD OF PARDONS | ) | Referred to U.S. Magistrate Judge |
| AND PAROLES[1], | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

### I.  BACKGROUND

Devon Stiff (Petitioner), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for possession with intent to deliver cocaine in the 363rd Judicial District Court of Dallas County, Texas.

### A.    State Court Proceedings

On June 26, 2006, the State indicted Petitioner for possession with intent to deliver 400 grams or more of cocaine in Cause No. F06-19538. (*See* doc. 12-1 at 11.)[2] His bond was revoked in 2007, and he was subsequently found in Michigan and extradited to Texas in January 2012. (*See* doc. 12-15 at 153.) On October 8, 2013, Petitioner pleaded not guilty and was tried before a jury. (*See* doc. 12-6 at 1.) At various times before trial, Petitioner had two appointed attorneys and four

---

[1] The petitioner named the "Texas Board of Pardons and Parole" as the respondent. The correct title of the agency is the "Texas Board of Pardons and Paroles."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

retained attorneys, with the last retained attorney representing him at trial.

According to the testimony, Dallas Area Rapid Transit (DART) police officer noticed that Petitioner had been loitering around a bus station for approximately thirty minutes. Petitioner did not board a bus, approach the ticket window, or use any DART services. During that time, several buses arrived and departed. The officer also noticed that Petitioner was staggering and stumbling as if he was intoxicated. DART has a no-loitering policy to deter crime. The officer believed that Petitioner was loitering, intoxicated in public, sick, or in need of assistance. He attempted to make contact with Petitioner. He pulled up behind Petitioner and activated the emergency lights on his police car. Petitioner started running and was dragging and pulling a suitcase behind him. The officer said "stop, police, stop" several times, but Petitioner did not comply. The officer followed Petitioner until he stopped. Petitioner seemed agitated, his speech was slurred, his eyes were bloodshot, and his movements were very slow. The officer arrested him for evading detention, public intoxication, and disorderly conduct.

Officers found $6,000 in cash, about one kilogram of powder cocaine, and crack cocaine in the suitcase. *See Stiff v. State*, Nos. 05-13-01471-CR, 2015 WL 3971408 at *1 (Tex. App. – Dallas, June 30, 2015). The powder cocaine and crack cocaine were in a wine box in the suitcase. (*See* doc. 12-8 at 20-22). The officer took the cocaine to the DART police department, where it was bagged, processed, and put into the evidence room. (*See* doc. 12-8 at 24.) Another officer took the powder cocaine to a lab for analysis. (*See id*. at 65.) It was labeled and sealed. (*See id*.) In 2006, a chemist at the lab tested the powder and found it was 77% cocaine and weighed 982.37 grams. (*See id*. at 69.) After testing, the package was resealed. (*See id*. at 70-71.) The witnesses testified about the identifying number on the sealed package and their initials on the package. The jury found

2

Petitioner guilty.

The indictment alleged a prior conviction in Cause No. F88-699831 for enhancement. (*See* doc. 12-1 at 11.) Before trial, the prosecutor stated that he filed a notice to enhance with another prior conviction, and that the State would not proceed with the enhancement allegation in the indictment. (*See* doc. 12-7 at 6.) At the sentencing phase, the prosecutor read the new enhancement allegation regarding a prior Michigan conviction. (*See* doc. 12-8 at 111.) Petitioner was sentenced by the court to 40 years' imprisonment. (*See* doc. 12-2 at 73.)

The judgment was affirmed on appeal. *See Stiff*, 2015 WL 3971408. The Texas Court of Criminal Appeals refused his petition for discretionary review and denied rehearing. *See Stiff v. State*, PD-1046-15 (Tex. Crim. App. Nov. 4, 2015 and Jan. 27, 2016). Petitioner's state habeas application was signed on January 30, 2017, and received by the state court on February 3, 2017. (*See* doc. 12-15 at 5, 35.) On April 12, 2016, it was denied. (*See* doc. 12-14); *see Ex parte Stiff*, WR-82,078-02 (Tex. Crim. App. Apr. 12, 2016).

### B.    Substantive Claims

Petitioner's federal habeas petition raises the following grounds:

(1) Counsel #1 was ineffective for:

> (a) failing to properly advise him of his rights, the facts, and the law;

> (b) abandoning him at critical stages of the proceedings;

> (c) failing to obtain witnesses and evidence to prove innocence or validate an alibi;

(2) Counsel #2 was ineffective for:

> (a) simultaneously filing a motion to quash the indictment and a motion to withdraw;

> (b) failing to pursue witnesses;

3

(3) Counsel #3 was ineffective for lack of effort to assist him because of limited communication with the District Attorney's office and work related to two capital murder trials he was in the process of litigating;

(4) There was insufficient evidence to link Petitioner to the suitcase or its contents, and the State never produced the wine box;

(5) The arrest was made without probable cause, because there was insufficient evidence that he was intoxicated;

(6) Counsel who tried the case (trial counsel) was ineffective for failing to preserve error about exculpatory evidence, a fatal variance, and the defective indictment;

(7) He was actually innocent of the offense, and there was insufficient evidence that he had custody of and offered to sell a controlled substance;

(8) The State withheld a second test and lab report that was inconsistent with the first report and gave rise to a break in the chain of custody, tampering, and commingling of the evidence;

(9) The search and seizure were illegal;

(10) The indictment was defective and there was a fatal variance, because the prior conviction that was alleged was for another person;

(11) There was a due process violation, because counsel and the prosecutor consented to proceed with the erroneous indictment, the court proceeded with the fatal variance in the indictment, and the court allowed the enhancement without an amendment of the indictment;

(12) The State failed to show chain of custody, and there was tampering with and commingling of evidence.

(*See* doc. 3 at 6; doc. 3 at 5-18.)  Respondent filed a response.  (*See* doc. 10.)

## II.  PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; see also Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner).

4

Generally, the only proper respondent is " 'the person' with the ability to produce the prisoner's body before the habeas court."  542 U.S. at 434-35.

A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition.  *See Flores v. Dretke,* 120 F. App'x 537, 539 (5th Cir.2005) (noting that district court should have required petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect), *citing West v. Louisiana,* 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir.1975).

Petitioner is on parole.[3]  The state officer who has custody of Petitioner while he is on parole is Bryan Collier, Executive Director of the Texas Department of Criminal Justice, and he should be **SUBSTITUTED** as the proper respondent in this case and the Texas Board of Pardons and Paroles should be terminated as the respondent.  *See Cruz v. Johnson*, 273 F.3d 393 (5th Cir. 2001) (the director of the Texas Department of Criminal Justice was the appropriate respondent in a § 2254 case where the petitioner was a parolee); *see also West,* 478 F.2d at 1031 (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent).

### III.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

---

[3]  A petitioner who has been placed on parole is "in custody" for habeas purposes.  *Maleng v. Cook*, 490 U.S. 488, 491 (1989); Fox *v. Dutton*, 406 F.2d 123 (5th Cir. 1968).

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the

'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV.  SEARCH AND SEIZURE

In grounds five and nine, Petitioner contends that his arrest and the search and seizure of the suitcase were illegal because there was insufficient evidence that he was intoxicated.

It is well-settled that a claim that evidence obtained through an unconstitutional search and seizure was erroneously admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976). If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). The State of Texas has a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. Consequently, Petitioner's illegal search and seizure claims are barred.

## V.  INDICTMENT

In grounds ten and eleven, Petitioner contends that the indictment was defective because the prior conviction alleged for enhancement was for another person.[4]  He also asserts that there was a fatal variance, counsel and the prosecutor consented to proceed with the fatal variance, and the court allowed the enhancement without an amendment of the indictment.

### A.    Procedural Bar

Respondent asserts that these claims are procedurally barred.

Petitioner raised his claim on state habeas.  The state habeas court found that Petitioner did not object to the use of the prior Michigan conviction for enhancement, so any error was waived.  (*See* doc. 12-15 at 157.)  The Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court.  (*See* doc. 12-14.)

Under Texas' contemporaneous objection rule, a party must make a timely objection with specific grounds for the desired ruling to preserve an issue for appellate review.  *Cubas v. Thaler*, 487 F. Appx 128, 130 (5th Cir. 2012) (citing *Livingston v. Johnson*, 107 F.3d 297, 311 (5th Cir.1997)).  A procedural default premised on the petitioner's failure to comply with the Texas contemporaneous objection rule constitutes an adequate and independent bar to federal habeas review.  *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("[w]e have recognized a federal petitioner's failure to comply with the Texas contemporaneous objection rule as an adequate and independent state procedural barrier to federal habeas review").  The procedural default of a state defendant who fails to comply with the contemporaneous objection rule precludes

---

[4]  Petitioner refers to the prior conviction that was originally alleged in the indictment.  The substituted prior Michigan conviction was also for a person with a different name than Petitioner, Clayton Knox, but Petitioner was also known by that name.

8

federal habeas review of the claim absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 87(1977); *see also Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995).

Petitioner's claim is procedurally barred because the state habeas court applied the contemporaneous objection rule. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits"). He has not shown cause and prejudice to excuse the procedural bar or entitlement to relief on this claim.

## B.    Merits

Notwithstanding the procedural bar, Petitioner's claims lack merit. As discussed, before trial the State abandoned the enhancement allegation in the indictment and provided notice of another prior conviction to be used for enhancement. Enhancement allegations need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). There was no fatal variance between the indictment and the proof at trial. The indictment was not required to be amended with the new enhancement allegation because it was not required to be pleaded. *See id*.

## VI.  CHAIN OF CUSTODY, TAMPERING

In ground twelve, Petitioner asserts that the State failed to establish the chain of custody for the evidence. He also asserts that there was evidence tampering because two lab tests were done on the substance, one in 2006 and another in 2010, and the results were inconsistent.

## A.    Procedural Bar

Respondent contends that this claim is procedurally barred because there was no objection to the admission of the evidence. The state habeas court found that Petitioner could not challenge the admission of the evidence because there was no objection at trial. (*See* doc. 12-15 at 156.) This

claim is procedurally barred.  *See Scheanette*, 482 F.3d at 823.  Petitioner has not shown cause and prejudice to excuse the procedural bar or entitlement to relief on this claim.

**B.    Merits**

Notwithstanding the procedural bar, Petitioner's claims lack merit.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  The correctness of a state court's interpretation of state law is beyond the scope of federal habeas review.  *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir.1992) ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus").  "[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair."  *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Tex. R. Evid. 901(a).  "An item of physical evidence offered at trial must be authenticated under Rule 901.  Rule 901(b) sets out a nonexclusive list of methods for authenticating evidence, including, '(1) Testimony of Witness With Knowledge.  Testimony that a matter is what it is claimed to be.  . . .  (4) Distinctive Characteristics and the Like.  Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'"  *Gardner v. State*, 306 S.W.3d 274, 293 (Tex. Crim. App. 2009) (quoting Rule 901).  If a witness authenticates physical evidence under Rule 901, the State need not show chain of custody.  *Id*. at 292 n.35.  "Absent evidence of tampering, an objection that the State has failed

to establish a proper chain of custody goes to the weight of the evidence rather than to its admissibility." *Campbell v. Cockrell*, No. 3:01-CV-374, 2002 WL 413864 at *5 (N.D. Tex. Mar. 12, 2002) (quoting *Simmons v. State*, 944 S.W.2d 11, 12 (Tex. App.–Tyler 1996)).

Petitioner's claim regarding the chain of custody involves a state evidentiary matter that is not subject to federal habeas review. Moreover, his claim of tampering is conclusory. He has not shown that anyone tampered with the cocaine, or that the cocaine was commingled with anything else. At trial, the lab chemist testified that the 2006 testing showed that the substance was 77% cocaine, and the weight of the substance was 982.37 grams. The 2010 testing showed that the substance was 85% cocaine, and the weight of the substance was 986 grams. (*See* doc. 12-15 at 85.) At trial, counsel questioned the chemist about whether further testing of the substance several years later could show a different weight of the substance and a different percentage of cocaine, such as an increase from 77% cocaine to 85% cocaine. The chemist testified about several factors that could affect the weight and purity of a substance containing cocaine and could account for different results in tests that were years apart. (*See* doc. 12-8 at 74-76.) Petitioner has not shown that he is entitled to relief on this claim.

## VII. *BRADY* CLAIM

In ground eight, Petitioner contends that the State withheld the second lab test and test results of the cocaine.

The Supreme Court has held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). "*Brady* claims involve 'the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Lawrence v. Lensing*, 42

F.3d 255, 257 (5th Cir. 1994). "There are three components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Evidence is material within the meaning of *Brady* only when there is a reasonable probability of a different result at trial had the evidence been disclosed. *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995).

The state habeas court found that Petitioner admitted in his state habeas application that trial counsel knew about the second lab report. The court further found that "[w]hile the quantity and purity of the cocaine was slightly different, that issue was addressed on cross-examination of the lab technician by [counsel]. The subsequent lab test proved that the weight of the cocaine was over 400 grams (in fact, [it] was 986 grams) as alleged in the indictment. [Petitioner] has failed to prove that the State withheld exculpatory evidence." (*See* doc. 12-15 at 156.) Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VIII. SUFFICIENCY OF EVIDENCE

In grounds four and seven, Petitioner contends that there was insufficient evidence to link him to the suitcase or its contents, and to show that that he had custody of and offered to sell a controlled substance. He claims that the State did not produce the wine box that contained the cocaine, and that he was actually innocent of the offense.

A.    **Procedural Bar**

Respondent contends that the claim of insufficient evidence is procedurally barred.

Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex.

Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996) (recognizing that this is a long-standing legal principle under Texas law).

Petitioner did not raise a claim of insufficient evidence to support the conviction on direct appeal; he raised it on state habeas. The state habeas court found that a challenge to the sufficiency of the evidence is not cognizable on state habeas. (*See* doc. 12-15 at 155.) Sufficiency of evidence claims are not cognizable on state habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Petitioner has procedurally defaulted his claim of insufficiency of the evidence. This default constitutes an adequate and independent state procedural ground to bar federal habeas review of the claim. *See Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (citing *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004), and *Ex parte Grigsby*, 137 S.W.3d at 674). The claim is therefore procedurally barred unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). He has not met this burden or shown actual innocence.[5]

## B.    Merits

Notwithstanding the procedural bar, the claim lacks merit. Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution,

---

[5] The Fifth Circuit does not recognize a freestanding claim of actual innocence. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). A claim of actual innocence is a gateway to review an otherwise procedurally barred claim. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

Petitioner has not shown there was any requirement that the State produce the wine box that contained the cocaine. There was evidence that he was dragging the suitcase that contained the cocaine when he was fleeing from the officer. The evidence was sufficient to show that the suitcase and contents were Petitioner's, and that he possessed almost one kilogram of cocaine. Based on the amount of cocaine, the jury could have reasonably inferred that he possessed it with intent to deliver. *See United States v. DeLeon*, 641 F.2d 330, 333, 335 (5th Cir. 1981) (jury could infer intent to distribute based on possession of 294 grams of cocaine, which was a "large amount"). Petitioner has not shown that he is entitled to relief on this claim.

## IX. INEFFECTIVE ASSISTANCE OF COUNSEL

In grounds one, two, three, and six, Petitioner contends that four of his attorneys rendered ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the

14

Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison

15

term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.    <u>Counsel #1</u>

Petitioner contends that counsel #1 was ineffective for failing to properly advise him of his rights, the facts, and the law; abandoning him at critical stages of the proceedings; and failing to obtain witnesses and evidence to prove innocence or validate an alibi.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Counsel #1 was appointed to represent Petitioner on February 16, 2006, and she was replaced by retained counsel on July 18, 2006. (*See* doc. 12-15 at 153.) Petitioner does not identify the rights, facts, or law about which counsel failed to advise him, or explain how he was abandoned. He has not shown what counsel would have discovered with further investigation. The state habeas court found that Petitioner did not show how counsel's failure to investigate prevented him from presenting a viable defense six years after she was replaced as counsel. (*See id.*) Petitioner's

16

conclusory claim does not entitle him to relief.  *See United States v. Woods*, 870 F.2d at 288 n.3; *Miller v. Johnson*, 200 F.3d at 282.  He has not shown that the state court's rejection of this claim was unreasonable.

**B.      Counsel #2**

Petitioner contends that counsel #2 was ineffective for simultaneously filing motions to quash the indictment and to withdraw, and for failing to pursue witnesses.  Counsel #2 was retained to represent him on April 5, 2012, and he was replaced as counsel on June 27, 2012.

Petitioner has not shown that counsel was ineffective for seeking to withdraw at the same time that he moved to quash the indictment.  He has not shown what witnesses counsel should have, but did not, locate through investigation.  His conclusory claim does not entitle him to relief.  *See United States v. Woods*, 870 F.2d at 288 n.3; *Miller v. Johnson*, 200 F.3d at 282.  He has not shown that the state court's rejection of this claim was unreasonable.

**C.      Counsel #3**

Petitioner contends that counsel #3 was ineffective because of limited communication with the District Attorney's office and his work on two capital murder trials while representing him.

Counsel #3 was appointed to represent Petitioner on November 19, 2012, and he was replaced by retained counsel on August 13, 2013.  (*See* doc. 12-15 at 153.)  Petitioner has not shown what specific actions or inactions of counsel constituted deficient performance.  His conclusory claim does not entitle him to relief.  *See United States v. Woods*, 870 F.2d at 288 n.3; *Miller v. Johnson*, 200 F.3d at 282.  He has not shown that the state court's rejection of this claim was unreasonable.

**D.      Trial Counsel**

17

Petitioner contends that the attorney who represented him at trial was ineffective for failing to preserve error concerning exculpatory evidence, a fatal variance, and the defective indictment. Trial counsel was retained on August 13, 2013, and tried the case in October 2013.

As discussed, no exculpatory evidence was withheld, and there was no fatal variance or defective indictment after the State abandoned the enhancement allegation in the indictment and used the prior Michigan conviction for enhancement. Counsel was not ineffective for failing to raise meritless objections. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## X.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## XI.  RECOMMENDATION

Bryan Collier, the Executive Director of the Texas Department of Criminal Justice, should be **SUBSTITUTED** as the proper respondent in this case, and the Texas Board of Pardons and Paroles should be terminated as the respondent. This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SIGNED on this 1st day of February, 2019**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

19